FILED _____ ENTERED
LODGED _____ RECEIVED
JAN 2 8 2014
AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

THOMAS E. PEREZ
SECRETARY OF LABOR
U.S. DEPARTMENT OF LABOR

    Plaintiff,

v.

ESTATE OF JOHN D. BUCKINGHAM, SR., *et al.*

    Defendant.

CIVIL NO.: PWG-12-3576

...o0o...

## MEMORANDUM OPINION

This Memorandum and Order addresses the Motion for Default Judgment, ECF No. 21, and Memorandum in Support ("Default Mem."), ECF No. 21-1, filed by Plaintiff Thomas E. Perez, United States Secretary of Labor. Defendants Thomas Buckingham and Sun Control Systems, Inc. ("Sun Control") have not responded, and the time to do so has passed. *See* Loc. R. 105.2.a.[1]

Having reviewed the filings, I find that a hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated herein, Plaintiffs' Motion for Default Judgment is GRANTED.

---

[1] Defendant Estate of John D. Buckingham, Sr., has not defaulted and filed an answer on August 12, 2013, ECF No. 18. The claims against the Estate of John D. Buckingham Sr. have been resolved by the consent judgment that I entered at the request of the parties, ECF No. 29. Default judgment is not sought with respect to Defendants Sun Control Systems, Inc. Profit Sharing Plan and Trust, Sun Control Systems, Inc. Profit Sharing Plan II, or Sun Control Systems, Inc. 401(k) Plan and Trust, even though those Defendants have defaulted. Clerk's Entry of Default, ECF No. 10.

I.  **FACTUAL AND PROCEDURAL HISTORY**

Original Plaintiff Secretary of Labor Hilda L. Solis[2] filed a Complaint under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), in a civil enforcement action for breaches of fiduciary duty, seeking relief pursuant to Sections 409 and 502 of ERISA, 29 U.S.C. §§ 1109 and 1132.

The Complaint alleges that Sun Control Systems, Inc. Profit Sharing Plan and Trust ("Plan I"), is a single-employer, profit sharing, defined benefit plan that is administered in Rockville, Maryland, and that was established on or about January 1, 1985. Compl. ¶¶ 3, 15. ECF No. 1. Sun Control Systems, Inc. Profit Sharing Plan II ("Plan II") is a defined-benefit plan with a 401(k) component that is administered in Rockville, Maryland and that was established on or about January 1, 1992. *Id.* ¶¶ 4, 16. Sun Control Systems, Inc. 401(k) Plan and Trust ("Plan III" and, collectively with Plan I and Plan II, the "Plans") is a 401(k) benefit plan providing retirement benefits to employees that is administered in Rockville, Maryland and that was established on or about January 1, 2004. All three of the Plans are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and therefore all are subject to ERISA pursuant to Section 4(a), 29 U.S.C. § 1003(a). *Id.* ¶¶ 3–5.

Sun Control was the Plan Administrator for the Plans. *Id.* ¶ 11. At all relevant times prior to January 21, 2010, John Buckingham was the President and majority shareholder of Sun Control and trustee of the plans, performing the duties and functions of the Plan Administrator. *Id.* ¶ 12. Up until his death on October 17, 2012, John Buckingham was a majority owner of Sun Control and therefore was a party in interest. *See* 29 U.S.C. § 1002(14)(E). *Id.* Beginning January 21, 2010, Thomas Buckingham, the son of John, has been President and a minority

---

[2]   Plaintiff since has been substituted by the new Secretary of Labor, Thomas E. Perez, pursuant to Fed. R. Civ. P. 25(d).

shareholder of Sun Control and trustee of the Plans, performing the duties and functions of the Plan Administrator. *Id.* ¶ 13. He also is a party in interest by virtue of being John Buckingham's son, 29 U.S.C. § 1002(14)(F), and a fifteen percent owner, 29 U.S.C. § 1002(14)(H). *Id.*

On or about December 6, 2007, John Buckingham and Sun Control authorized plan assets to be transferred from Plan II to a Sun Control bank account. *Id.* ¶ 19. On or about February 6, 2008, John Buckingham and Sun Control executed a counter debit, causing plan assets to be removed from a Plan I bank account and deposited into a Sun Control bank account. *Id.* ¶ 20. On or about July 14, 2009, John Buckingham and Sun Control caused an agent-assisted transfer of plan assets out of a Plan I bank account and into a Sun Control bank account. *Id.* ¶ 21. On or about December 24, 2009, John Buckingham and Sun Control permitted the Virginia Commerce Bank to take plan assets from a Plan II bank account to satisfy a tax levy placed on Sun Control by the Internal Revenue Service despite having been notified by the bank on December 7, 2009 that such plan assets had been placed on hold and would be released to satisfy Sun Control's tax debt if no further action was taken by December 24, 2009. *Id.* ¶ 22.

On or about October 29, 2010, Thomas Buckingham and Sun Control permitted Bank of America to take plan assets out of a Plan I bank account and a Plan II bank account to satisfy an August 24, 2010 Writ of Garnishment of Property issued for a Sun Control debt despite their having been notified by the bank on September 3, 2010 that such plan assets had been placed on hold and would be released to satisfy the Sun Control debt if no further action was taken. The bank also notified Thomas Buckingham and Sun Control of an appeals process that could have been used to reverse the transaction. *Id.* ¶ 23.

John Buckingham, Thomas Buckingham, and Sun Control deducted money from the participants' pay as employee elective salary deferrals to Plan III. On or about April 14, 2006,

some of these salary deferral contributions were not remitted to the Plan. In addition, between January 1, 2006 and November 15, 2010, many salary deferral contributions were remitted late without interest. *Id.* ¶ 24. Defendants John Buckingham, Thomas Buckingham, and Sun Control failed to segregate the Plan assets from the general assets of Sun Control. *Id.* ¶ 25.

Defendant Thomas Buckingham was served personally by a private process server on April 7, 2013. Aff. of Service, ECF No. 7. Defendant Sun Control was served personally via its statutory agent, Thomas Buckingham, on April 7, 2013. Aff. of Service, ECF No. 7. Neither Thomas Buckingham nor Sun Control has filed an Answer, a Motion to Dismiss, or a Motion for Summary Judgment. On May 9, 2013, Plaintiff moved for Entry of Default as to Thomas Buckingham, Sun Control, and the Plans,[3] ECF No. 9, and the Clerk entered an Order of Default on May 10, 2013, ECF No. 10.

Plaintiff filed the pending Motion for Default Judgment on August 20, 2013, seeking a judgment removing Thomas Buckingham and Sun Control as fiduciaries, appointing an independent fiduciary, and requiring Thomas Buckingham and Sun Control to restore all losses caused by their misconduct. *See* Proposed Default J., ECF No. 21-3.

At that time, default judgment was not proper because claims remained pending against Defendant Estate of John D. Buckingham, Sr., who had appeared and had filed an Answer. Ans., ECF No. 18; *see also* 10A Charles Alan Wright *et al.*, *Civil Practice & Procedure*, § 2690 (hereinafter "Wright & Miller") ("As a general rule then, when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."). However, on November 13, 2013, Plaintiff and the Estate filed a Motion to Approve and Enter

---

[3] The record reflects that the Plans also were served personally via their authorized agent, Thomas Buckingham, on April 7, 2013. Aff.s of Service, ECF No. 7.

4

Consent Judgment, ECF No. 28, seeking to resolve such claims as were brought against the Estate, and consenting to the relief sought in the Motion for Default Judgment. That motion now has been granted, and a Consent Judgment entered with respect to the Estate. ECF No. 29. Accordingly, I now can consider Plaintiff's Motion for Default Judgment.

## II. DISCUSSION

### A. Default Judgment

Rule 55(b) of the Federal Rules of Civil Procedure governs default judgments. Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation." A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *See Medunic v. Lederer*, 64 F.R.D. 403, 405 n.7 (E.D. Pa. 1974) (concluding that clerk could not enter default judgment where damages were not liquidated), *rev'd on other grounds*, 533 F.2d 891 (3d Cir. 1976).

If the sum is not certain or ascertainable through computation, Rule 55(b)(2) provides:

> [T]he party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

As the Court noted in *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006),

> The United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). However, default judgment is available when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

5

In determining whether to award a default judgment, the Court will take as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("'The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975))); *see* Fed. R. Civ. P. 8(b)(6); *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010) (quoting *Ryan*, 253 F.3d at 780–81); 10A Wright & Miller, *supra*, § 2688. However, "'[a] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.'" *DIRECTV, Inc. v. Pernites*, 200 F. App'x 257, 258 (4th Cir. 2006) (quoting *Nishimatsu*, 515 F.2d at 1206). This is because "the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)." Wright & Miller, *supra*, § 2685. Rather, "the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered," and the Court may "refuse to enter a default judgment." *Id.* Accordingly, the Court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* § 2688; *see Ryan*, 253 F.3d at 780 ("'The defendant is not held . . . to admit conclusions of law. . . . [A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.'" (quoting *Nishimatsu*, 515 F.2d at 1206) (first ellipsis in original)); *Agora Fin., LLC*, 725 F. Supp. 2d at 494 (quoting *Ryan*, 253 F.3d at 780–81); *see also Ohio Cent. R.R. v. Cent. Trust Co.*, 133 U.S. 83, 91 (1890) (stating that even though plaintiff's allegations may be taken as true and "the defendant may not be allowed, on appeal, to

question the want of testimony or the insufficiency or amount of the evidence, he is not precluded from contesting the sufficiency of the bill, or from insisting that the averments contained in it do not justify the decree"); *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005) (concluding that "Plaintiff's pleadings, taken as true, establish all of the alleged violations").

More than nine months have passed since Defendants Thomas Buckingham and Sun Control were served with the Complaint, yet they have not pleaded or otherwise asserted a defense by filing a motion. Thus all of Plaintiff's factual allegations in the Complaint not pertaining to damages are deemed admitted as against those Defendants. Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780. Plaintiff has moved for both an entry of default on May 9, 2013 and a default judgment on August 20, 2013, and Defendant still did not respond. It is within the Court's discretion to grant default judgment when a defendant is unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment when the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405–06 (holding that entry of default judgment was proper because defendant had been served properly with complaint and did not respond, even after plaintiffs tried repeatedly to contact him); *see also Lawbaugh*, 359 F. Supp. 2d at 422 (concluding that default judgment was appropriate because defendant was "unresponsive for more than a year" after denial of his motion to dismiss, even though he was properly served with plaintiff's motions for entry of default and default judgment). Thus, the Court should grant default judgment on this Complaint if Plaintiff has established Thomas Buckingham and Sun Control's liability.

With regard to liability, ERISA authorizes the Secretary to bring a civil action for breaches of fiduciary duties to require a fiduciary to make good any losses resulting from a

7

breach, 29 U.S.C. § 1132(a)(2), or for equitable relief, 29 U.S.C. § 1132(a)(5). According to Plaintiff's well-pleaded allegations, Defendants were the fiduciaries responsible for managing the Plans, Compl. ¶¶ 11–13, and therefore had a duty to manage the Plans for the exclusive benefit of participants and their beneficiaries, 29 U.S.C. § 1104(a)(1)(A), and to hold all assets in trust by one or more trustees, 29 U.S.C. § 1103(a). They also had a duty to ensure that the assets of the plan not inure to the benefit of Sun Control, as the employer, 29 U.S.C. § 1103(c), a duty not to transfer any assets to Sun Control or to any party in interest, including themselves, 29 U.S.C. § 1106(a)(1)(D), and a duty not to "deal with the assets of the plan in [their] own interest or for [their] own account," 29 U.S.C. § 1106(b)(1).

Plaintiff has alleged that Sun Control, with John Buckingham, caused plan assets to be moved from Plan accounts into Sun Control accounts on several occasions, Compl. ¶¶ 19–21, in violation of 29 U.S.C. §§ 1103(a), 1103(c), 1104(a)(1)(A), 1106(a)(1)(D), and 1106(b)(1). Sun Control, with John Buckingham, used plan assets to satisfy a tax levy on Sun Control, Compl. ¶ 22, in violation of 29 U.S.C. §§ 1103(a), 1103(c), 1104(a)(1)(A), and 1106(b)(1). Thomas Buckingham and Sun Control permitted Bank of America to take Plan assets out of Plan Accounts to satisfy a Writ of Garnishment of Property for a Sun Control debt, Compl. ¶ 23, in violation of 29 U.S.C. §§ 1103(a), 1103(c), 1104(a)(1)(A), and 1106(b)(1). Thomas Buckingham and Sun Control, with John Buckingham, deducted Plan contributions from employees' pay but did not remit those contributions to the Plan or did not remit those contributions to the Plan in a timely fashion, Compl. ¶ 24, in violation of 29 U.S.C. §§ 1103(a), 1103(c), at the very least. And Thomas Buckingham and Sun Control, with John Buckingham, failed to segregate plan assets from Sun Control's general assets, in violation of 29 U.S.C. §§ 1103(a) and 1106(b)(1), at the least.

Because Thomas Buckingham and Sun Control did not respond to the Complaint, these facts conclusively are established as against them. *See Ryan*, 253 F.3d at 780. These facts also show that Thomas Buckingham and Sun Control either participated knowingly in these breaches, *See* 29 U.S.C. § 1105(a)(1). However, there are no facts in the Complaint, or presented by competent evidence, showing that Thomas Buckingham had knowledge of John Buckingham's breaches, and accordingly he cannot be liable for those breaches. *See* 29 U.S.C. § 1105(a)(3).

**B. Relief Sought**

Although liability has been established, an allegation "relating to the amount of damages" is not deemed admitted based on a defendant's failure to deny in a required responsive pleading. Fed. R. Civ. P. 8(b)(6); *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."). Therefore, with respect to a default judgment, "[c]laims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." *U2 Home Entm't, Inc. v. Fu Shun Wang*, 482 F. Supp. 2d 314, 318 (E.D.N.Y. 2007); *see Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (same). Yet, the Court may award damages without a hearing if the record supports the damages requested. *See Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment was entered against defendant because plaintiff submitted affidavits and printouts of electronic records establishing the amount of damages it sought); *DirecTV, Inc. v. Yancey*, No. Civ.A. 404CV00011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005)

(concluding that a hearing was "not required to enter default judgment" because Plaintiff "presented sufficient evidence to support its claim for damages, costs and fees by way of uncontradicted affidavits"); *see also Virgin Records Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 (S.D. Ala. 2007) (noting that an entry of default judgment "in no way obviates the need for determinations of the amount and character of damages," but an evidentiary hearing is not required if "all essential evidence is already of record"); *Maloney v. Disciples Ltd., LLC*, No. 1:06CV00124, 2007 WL 1362393, at *2 (M.D.N.C. May 8, 2007) (noting that, in cases concerning default judgments and promissory notes, "it is not necessary to conduct a hearing and . . . damages may be determined by way of affidavit and other documentary evidence").

In conjunction with a default judgment, the Court also may order equitable relief. *See Flynn v. Jocanz*, 480 F. Supp. 2d 218, 221 (D.D.C. 2007) (concluding, after reviewing plaintiff's submissions, that plaintiff's requested injunctive relief, *i.e.*, that "defendants be 'directed to comply with its obligations to report and to contribute to [specific unions and funds] all additional reports, contributions, and dues checkoff money due and owing' under the Collective Bargaining Agreement," was appropriate); *Wine v. SCH Elec., LLC*, No. CV08-0874-PHX-LOA, 2008 WL 4073853, at *4 (D. Ariz. Aug. 28, 2008) (concluding, after an evidentiary hearing, that entry of an order requiring defendant employer to file timely contribution forms and to pay contributions timely constituted such "'other legal or equitable relief as the Court deem[ed] appropriate'" and therefore was appropriate in an ERISA action (quoting 29 U.S.C. § 1132(g)(2)(E)); *Disney Enters.*, 446 F. Supp. 2d at 405–06 (granting a permanent injunction on default judgment); *DirecTV*, 2005 WL 3435030, at *4 (granting injunctive relief on default judgment).

Here, Plaintiff seeks:

(1) The removal of Thomas Buckingham and Sun Control as fiduciaries of the plans and an injunction preventing them from acting in a fiduciary capacity or exercising custody, control, or decision-making authority with respect to the plans in the future;

(2) Appointment of LeFoldt & Co. as an independent fiduciary of the Plans, and authorizing certain compensation for services with respect to the Plans to be paid from Plan assets, to be reimbursed jointly and severally by Thomas Buckingham and Sun Control;

(3) For Thomas Buckingham and Sun Control to provide to Plaintiff and the independent fiduciary all books and records relating to the Plans, and to make an accounting to the Secretary and the independent fiduciary of all contributions to the Plans and all transfers, payments, or expenses incurred or paid in connection with the Plans;

(4) An order requiring Thomas Buckingham and Sun Control to restore all losses, including lost opportunity costs and costs of independent fiduciaries, caused by their misconduct; and

(5) An order requiring the plans to set off any balances in the account of Thomas Buckingham against losses, if not otherwise restored to the Plans, as required by 29 U.S.C. § 1156(d)(4).

I find that the removal of Thomas Buckingham and Sun Control as fiduciaries, as well as an injunction barring them from serving as fiduciaries of the Plans in the future, is warranted and is supported by the facts showing their repeated ERISA violations.

Meredith Hochman, an Investigator with the Washington District Office of the Employee Benefits Security Administration, has submitted a declaration, sworn pursuant to 28 U.S.C. § 1746, supporting the appointment of Lefoldt & Co. and a calculation of damages. *See*

Hochman Decl., Default Mem. Ex., ECF No. 21-2. I accept Ms. Hochman's representations as credible, *see Bd. of Trustees of Operating Eng'rs Local 37 Benefit Fund v. Fraternal Order of Eagles Cumberland # 245*, No. WDQ-09-3123, 2010 WL 4806975, at *3 (D. Md. Nov. 18, 2010), and therefore find that a hearing is unnecessary.

The Hochman Declaration states that bids were sought and received, following which Lefoldt & Co. is recommended to serve as independent fiduciary. I find the appointment of Lefoldt & Co. to be reasonable, and the fees they seek reasonable in light of the proposals that they have provided. Hochman Decl. 1, Exs. 1–3, ECF No. 21-2. Accordingly, Lefoldt & Co. shall be appointed as independent fiduciary, and they shall be entitled to receive up to $10,070 for service to Plan I, up to $21,216.25 for service to Plan II, and up to $2,855 for service to Plan III. *See* Hochman Decl. ¶ 2.n.

However, I note that while the Estate of John D. Buckingham has consented to the appointment of Lefoldt & Co. and award of fees in the Consent Judgment, the Consent Judgment does not appear to allow for the recovery of the fees from the Estate of John D. Buckingham. Accordingly, allowing the recovery of the full fee amount from Thomas Buckingham and Sun Control, jointly and severally, *see* Proposed Default J. ¶ E, would force them to reimburse the Plans for fees that properly are chargeable to the Estate of John D. Buckingham but that may not be recoverable as against him. Any fees for Lefoldt & Co. that properly are chargeable to John Buckingham may not be recovered from Thomas Buckingham or Sun Control.

I find that it is reasonable to require Thomas Buckingham to turn over all books, papers, and records of the Plans, and to render a full accounting to the Secretary and the independent fiduciary, as sought by Plaintiff.

With respect to the losses resulting from Defendants' breaches, the Hochman Declaration enumerates at least $160,319.58 in losses solely attributed to John Buckingham and Sun Control, at least $11,862.94 solely attributed to Thomas Buckingham and Sun Control, and at least $117.60 attributed to John Buckingham, Thomas Buckingham, and Sun Control. Hochman Decl. ¶¶ 2.e–j. The Hochman Declaration also enumerates $40,447.95 in total, undifferentiated interest owed. *Id.* ¶ 2.m. Because there is no allegation that Thomas Buckingham had knowledge of John Buckingham's breaches, Thomas cannot be liable for losses that he did not cause, or for interest on those losses. Further, the Estate of John D. Buckingham already has agreed to pay $80,628.00, plus penalties, to restore losses to the Plans, and is not covered by this default judgment. Consent J. ¶ E. Accordingly (and assuming that Sun Control still has assets sufficient to cover the losses), Sun Control and Thomas Buckingham cannot be made to pay any recovery properly charged to John Buckingham; to the extent that John Buckingham may owe more than his estate is paying under the Consent Judgment, any such amounts were waived by the Consent Judgment. Accordingly, while I will order Thomas Buckingham and Sun Control to restore losses caused by their fiduciary misconduct, I must clarify that this includes *only* those amounts specifically resulting from the fiduciary misconduct of Thomas Buckingham and Sun Control, jointly and severally, and excludes losses caused by John Buckingham, whether or not those losses have been recovered.

Finally, insofar as such losses as are attributable to Thomas Buckingham are not restored, I find that the Plans are entitled to deduct such amounts from his account balances under 29 U.S.C. § 1156(d)(4).

## III. CONCLUSION

For the aforementioned reasons, Plaintiff's Motion for Default Judgment, ECF No. 21, is GRANTED as modified herein. A separate Default Judgment shall follow.

Dated: January [24], 2014

/S/
Paul W. Grimm
United States District Judge

dsy